# Stambaugh's Estate.

*Decedent's estates—Executors and administrators—Inventory—Account—Removal—Judicial discretion.*

1. While the Act of May 1, 1861, P. L. 680, makes the failure to file a true and perfect inventory of the personal property of a decedent, a dereliction for which an executor or administrator may be discharged, but leaves it in the discretion of the court whether so severe a consequence shall follow, the law does not for this reason look indulgently upon such omission.

2. Where in a proceeding for the removal of an executrix it appeared from the petition and answer that a very considerable part of the estate had been omitted from the inventory, and that the executrix had without excuse failed to settle her account for more than three years, the decree of the Orphans' Court refusing to remove the executrix was amended so as to require such executrix to file a true and perfect inventory, and a just and true account within sixty days.

Argued Oct. 1, 1914. Appeal, No. 66, Oct. T., 1914, by Frank S. Carnes, from decree of O. C. Mercer Co., Jan. T., 1912, No. 43½, refusing to remove an executrix in

## 556 STAMBAUGH'S ESTATE.

Estate of George T. Stambaugh, deceased. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Amended and affirmed.

Petition for the removal of an executrix. Before WILLIAMS, P. J.

The opinion of the Supreme Court states the facts.

The court refused the petition. Petitioner appealed.

*W. D. Wallace,* for appellant.

*Q. A. Gordon,* for appellee.

OPINION BY MR. JUSTICE STEWART, October 26, 1914:

The object of this proceeding in the court below was to compel the discharge of the appellee, Mrs. Eliza Jane Stambaugh, as executrix of the will of her deceased husband, George T. Stambaugh. The petition filed in the case alleged, first, that the inventory and appraisement of the decedent's personal estate, filed by the executrix were fraudulent, false, and imperfect, and, second, that the executrix was wasting and mismanaging the estate. The answer admitted that the inventory filed was imperfect, in that it did not include the several specific items enumerated in the petition, and which in the aggregate constituted a very considerable part of the estate, but denied any fraudulent purpose in connection therewith; it further denied any wilful misappropriation of any part of the estate, and averred a readiness and willingness to account for any expenditures not fully warranted by law. The case was heard on petition and answer, with the result that the rule requiring the executrix to show cause why she should not be dismissed from her trust was discharged. The appeal is from this final order.

Except as it can be derived from the admitted facts, that the dismissal of the adverse proceeding was an abuse of the discretion lodged with the court, the decree so ordering is final and conclusive; nevertheless, if upon

a review of the whole matter it should appear that the decree as entered accomplishes more or less than it should, it remains for this court to amend it so as to bring it in accord with the justice and equity of the case.

As to the inventory filed by the executrix, the admissions contained in the answer show it to have been glaringly defective. So much was omitted therefrom that it was in no sense a compliance with legal requirements. The respondent could have complained of no injustice had it been treated as no inventory at all. Failure to exhibit a true and perfect inventory is, by Act of 1st May, 1861, P. L. 680, made a dereliction for which an executor or administrator may be discharged; but since there may be circumstances excusing the failure, the act very wisely leaves it in the discretion of the court whether so severe a consequence shall follow. It is not however to be understood from this that the law looks indulgently upon such omission. Very many of the disputes which arise in the settlement of estates would be avoided were the executor and administrator careful to comply with the law in this particular. There is no more fruitful source of contention than disregard of this legal requirement. What we have said applies as well to the respondent's failure to settle an account of her executorship. There is absolutely nothing in her answer filed that suggests any excuse whatever for this dereliction which has continued for more than three years. The Act of 15th March, 1832, P. L. 135, section 15, in express terms makes it the duty of executors and administrators "to make a true and perfect inventory of all the goods, chattels and credits of the deceased, as far as they may know, or can ascertain them, and exhibit the same into the register's office within thirty days from the time of administration granted; and also a just account and settlement thereof in one year, or when thereunto legally required." Whilst not questioning the reasonableness of the exercise of its discretionary power by the court in this case in refusing to discharge this respondent, we cannot overlook the binding obligation of this statute,

the great importance of the duties it enjoins, and the absence of any and all excuses on the part of the respondent for her long continued neglect of them. If such considerations could not prevail with the court to discharge the executrix, they should at least have been sufficient to make her continuance in office dependent on her prompt compliance with the requirements of the act.

We accordingly now amend the order of court discharging the rule in this case, making it dependent upon respondent's filing in the office of the register, a true and perfect inventory of the estate, and also a just and true account or settlement thereof, both within sixty days from this date. As so amended, the decree is affirmed, the costs of this proceeding to be paid by appellee.