## The Estate of Arabella F. Levenight, Appeal of Ney and Fitzkee.

Submitted November 12, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Charles E. Workman,* for appellant.—The administrator's acts bring him within the terms of the Act of 1917, providing for the discharge of administrators for mismanagement of the estate: McCullough's Est., 292 Pa. 422; Witmer's Est., 41 Lancaster Law Review 182; Miller's Est., 264 Pa. 310; Kellberg's Est., 86 Pa. 129; Kaurene's Est., 3 D. & C. Reps. 290.

*C. E. Charles,* for appellee.—Dismissal of the petition for discharge of administrator was a proper exercise of the court's discretion: Stambaugh's Est., 246 Pa. 555; Parson's Est., 82 Pa. 465.

OPINION BY GAWTHROP, J., January 25, 1929:

The sole question raised by this appeal is whether the court below erred in refusing to discharge the administrator, husband of the deceased, on the petition of her collateral heirs. It must be answered in the negative.

The petition alleged that the administrator failed to charge himself in his account with all the money that came or should have come into his hands; that he

claimed improper credits therein; and that he has not paid the collateral inheritance tax assessed. There was no allegation and no proof that the inventory of the personal estate filed was not correct and true. He converted the assets of the estate and filed his account, in which he charged himself with the amount of the inventory, and the same was advertised to be called for an audit to be held on April 16, 1928. The petition to discharge was filed April 12, 1928. The only proofs presented to support the averments in the petition were that the administrator had withdrawn from his bank deposit as administrator a substantial amount of cash and used it. He testified that he was "in a position to make good" whatever he owed the estate. There was no proof that there were any assets concealed or not included in the inventory filed.

Conceding, but not deciding, that the admitted delinquencies of the administrator bring him within the terms of Sec. 53 of the Act of 1917, P. L. 447, giving the orphans' court having the jurisdiction of accounts of administrators power to remove an administrator when he is wasting or mismanaging the estate under his charge, or when he neglects to render a full and just account of the estate or property coming into his hands, or when for any reason the interests of the estate or property are likely to be jeopardized by the continuance of such fiduciary, we are of opinion that the discharge of the rule was not an abuse of the discretion lodged with the orphans' court. Unless there was an abuse of discretion, the decree is conclusive: Stambaugh's Estate, 246 Pa. 555. We agree with the court below that in the circumstances "it would serve no useful purpose to now discharge him (the administrator) or vacate the letters and set aside all subsequent proceedings. Even if the prayers of the petitioners were granted, it would still be necessary for him to account for his administration of the estate as far as

he has gone, as an administrator de son tort.'' The appeal is void of merit and has merely caused delay in the settlement of the estate.

The decree is affirmed.